# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

EVERYDAY HEALTH, INC.,

    *Plaintiff,*

v.

RVO HEALTH LLC and KEENAN KLINGER,

    *Defendants.*

**Civil Action No. _____**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-2-25

## STIPULATED PROTECTIVE ORDER

WHEREAS, RVO Health, LLC ("RVOH") and Keenen Klinger ("Klinger") are parties to an action currently pending in the United States District Court for the Western District of North Carolina (*RVO Health, LLC v. Keenan Klinger*, Civil Action No. 3:24-cv-00834-MOC-SCR) (the "North Carolina Litigation");

WHEREAS, RVOH and Klinger are currently participating in expedited discovery in the North Carolina Litigation, which includes a November 20, 2024 Subpoena (the "Subpoena") issued by RVOH to Everyday Health, Inc. ("Everyday Health"), who is not a party to the North Carolina Litigation;

WHEREAS, the Subpoena calls for the production of documents and/or information that RVOH, Klinger, and Everyday Health agree may contain trade secrets, confidential and proprietary information, or information of a personal or financial nature;

WHEREAS, RVOH, Klinger, and Everyday Health maintain that the unprotected disclosure of trade secrets, confidential and proprietary information, or information of a personal or financial nature will be harmful to the party producing the information and/or harmful to third-

1

parties; and

WHEREAS, RVOH, Klinger, and Everyday Health (individually, a "Party," and together, the "Parties") desire to memorialize a framework regarding the use of trade secret, confidential, and proprietary discovery materials that are produced in connection with this action.

NOW THEREFORE, for good cause shown and pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and the stipulation of the Parties, the Court HEREBY ORDERS AS FOLLOWS:

1. **Applicable Definitions.**

A. "Discovery Material" means documents, ESI, information, and all other material produced by Everyday Health in response to the Subpoena or any other subpoena lawfully served in connection with the North Carolina Litigation and information derived therefrom.

B. "ESI" means electronically stored information in any form, including but not limited to conventional electronic documents (e.g. spreadsheets, pdf files, jpeg files, bmp files, text files, and word processing files), electronic mail, the contents of databases, mobile phone messages, digital and analog recordings (e.g. voicemail), and transcripts of instant messages.

C. "Producing Party" means Everyday Health, Inc. and counsel who is producing documents, ESI, or other materials in response to the Subpoena or any other subpoena lawfully served in connection with the North Carolina Litigation.

D. "Protected Information" means documents, information, or other materials that Producing Party asserts are entitled to confidential treatment under Federal Rule of Civil Procedure 26(c) and that have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" by the Producing Party.

E. Discovery Materials designated as "CONFIDENTIAL" include information that is

2

not in the public domain, including employee information, financial data and information, research or development information, or any other information that may reasonably be characterized by the Producing Party as intellectual property, a trade secret, or confidential or proprietary information.

F.  Discovery Materials designated as "HIGHLY CONFIDENTIAL" include documents containing "CONFIDENTIAL" information as defined in paragraph 3(E) that also contains information which the Producing Party believes, in good faith, constitutes heightened and/or highly sensitive confidential information that may only be viewed by, and not distributed to, necessary individuals for the purposes of RVOH's and/or Klinger's prosecution or defense of the North Carolina Litigation. For purposes of production of documents as "HIGHLY CONFIDENTIAL," the Producing Party shall be permitted (at its option) to redact that portion of the document that contains the most sensitive financial, confidential, or trade secret information provided it allows RVOH and/or Klinger to understand and review the general content of the document to be able to address the claims or recall the events/occurrences taking place, and provided the Producing Party produces such document without such redactions on an "ATTORNEYS' EYES ONLY" basis so RVOH's and/or Klinger's counsel can review the same.

G.  Information designated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall consist of "CONFIDENTIAL" information as defined in paragraph 3(E) and "HIGHLY CONFIDENTIAL" information as defined in Paragraph 3(F), that the Producing Party reasonably believes in good faith to be of a particularly highly sensitive and confidential nature such that disclosure to any person other than counsel of record for RVOH and/or Klinger in this action would likely have the potential for causing significant competitive harm to the Producing Party's business and information which could be fairly characterized as a trade secret as that term is defined by federal statute.

2.  **Scope of Protective Order**. Documents and/or information produced by Everyday Health are subject to this Protective Order upon being designated as Protected Information by Everyday Health in accordance with Paragraph 3 below or, in the case of deposition testimony, transcripts, and exhibits, as described in Paragraph 9 below. However, this Protective Order applies only to the specific copies of Discovery Materials so designated and to copies made therefrom and information derived therefrom. This Protective Order does not apply to copies obtained outside of Everyday Health's response to the Subpoena or other discovery in the North Carolina Litigation (e.g., in investigations prior to litigation), or information that was, is, or becomes public knowledge without fault of any Party and not in violation of this Protective Order.

3.  **Designation**.

    A.  If Everyday Health has a good faith belief that certain Discovery Materials are entitled to confidential treatment under Federal Rule of Civil Procedure Rule 26(c), Everyday Health may designate those Discovery Materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" by marking such Discovery Materials in accordance with Paragraph 4. The grounds for designating Discovery Materials as CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" include, without limitation:

    (i)   information prohibited from disclosure by statute, regulation, rule, or other law;

    (ii)  information that reveals trade secrets, confidential, and/or proprietary business information;

    (iii) research, technical, commercial, client, or financial information that has been maintained as confidential;

    (iv)  personally identifiable information, including without limitation social security numbers and financial information associated with individuals; or

4

        (v)     personnel or employment data of an individual.

B.     All "CONFIDENTIAL: ATTORNEYS' EYES ONLY" designations must be based on good faith belief and shall be applied selectively to information that constitutes highly sensitive business or commercial information, or items that are of a sensitive personal, financial, or business nature, which warrant protection beyond that afforded to Protected Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A designation of "CONFIDENTIAL: ATTORNEYS' EYES ONLY" constitutes a representation that such Protected Information has been reviewed by an attorney for Everyday Health and that there is a valid, good faith basis for such designation.

C.     Compliance with the Subpoena will require Everyday Health to review and disclose significant quantities of information and documents, including ESI. As a result, a full page-by-page pre-production review of Discovery Materials may impose an undue burden on Everyday Health's resources that is disproportionate to the needs of the discovery or litigation processes. Therefore, Everyday Health may designate Discovery Materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" based on search terms, filtering, or other method or computer technology employed to identify information that Everyday Health in good faith believes may be entitled to confidential treatment under Federal Rule of Civil Procedure 26(c).

D.     Information or documents that are available to members of the general public, with no obligation to maintain the confidentiality of the information at issue, may not be designated as Protected Information.

E.     Everyday Health may withdraw its designation of Discovery Materials as CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" by providing a copy that is not marked in accordance with Paragraph 4, or by having counsel

of record orally withdraw the designation on the record during a deposition, or by other written communications from counsel. Notice of any such withdrawal shall be provided to counsel for RVOH and/or Klinger in writing.

4. **Marking Discovery Materials**. The designation of Discovery Materials as subject to this Protective Order shall be made by written notice in the documents or materials by affixing to them, in a manner that shall not interfere with their legibility, the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" on all or any part of the Discovery Materials. Wherever practicable, the designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall be made prior to or contemporaneously with production or disclosure. Documents or information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" before entry of this Order shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" within the meaning of this Order. RVOH and/or Klinger may challenge any designation of confidentiality in accordance with Paragraph 14.

5. **Production Protocols**.

A.  In the case of Discovery Materials being produced electronically, Everyday Health may, at its option, produce Protected Information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" in separate electronic folders corresponding to its marked designation.

B.  In the case of Discovery Materials being produced on electronic media (e.g. compact discs, memory sticks, flash drives, or hard drives), Everyday Health may, at its option, produce Protected Information on separate media from other Discovery Materials, or, if the

6

production media are rewritable, in electronic folders that segregate Protected Information and other Discovery Materials.

C.  Discovery Materials that are marked in accordance with Paragraph 4 are Protected Information under this Protective Order, regardless of how Everyday Health produces records subject to this Section 5.

6. **Disclosure of Protected Information**. Except as stated otherwise herein or as otherwise ordered by this Court, RVOH and Klinger shall not disclose Everyday Health's Protected Information to any other person. Any Discovery Materials marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall be held in confidence by each person to whom they are disclosed according to the procedures set forth in this Order; shall be used only for purposes of preparation, trial, and appeal of the North Carolina Litigation; shall not be used for any personal, business, or commercial purpose; and shall not be disclosed to any person who is not authorized to receive such Protected Information as provided herein. All Discovery Materials so marked shall be carefully maintained in secure facilities and access to such Discovery Materials shall be permitted only to persons properly having access thereto under the terms of this Order.

7. **Use and Access of Protected Information**. To the maximum extent permitted by law, any use or disclosure of Everyday Health's Protected Information not permitted by this Paragraph 7 is prohibited. Neither RVOH, Klinger, nor any other entity or person may use or disclose the Protected Information of Everyday Health, in whole or in part, in any other manner.

A.  CONFIDENTIAL: ATTORNEYS' EYES ONLY: Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, Discovery Materials designated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall not be, directly

7

or indirectly, delivered, exhibited, or disclosed to persons other than:

(i) This Court or any Court personnel, including any court reporter or typist recording or transcribing testimony in this action, subject to the filing or disclosing party complying with the requirements set forth in Paragraph 10 of this Order;

(ii) Outside counsel for RVOH and Klinger and their paralegals, law clerks, and clerical staff who are providing active assistance with the North Carolina Litigation;

(iii) Any designee testifying on behalf of Everyday Health under Rule 30(b)(6) as to Everyday Health's own documents and/or any person identified from the four corners of the Discovery Material itself as having authored or previously received Discovery Materials, provided, however, that disclosure may be made only to the extent necessary for the prosecution or defense of the North Carolina Litigation and further provided that RVOH and Klinger may only access documents produced by Everyday Health in accordance with Paragraphs 7(B) and 7(C) herein;

(iv) Any expert, consultant, or technical advisor retained or employed by any party for the purposes of the North Carolina Litigation, provided that said experts, consultants, or technical advisors have executed a certification in accordance with Paragraph 8 below; and

(v) Other persons who may be specifically designated by consent of all attorneys of record for RVOH, Klinger, and Everyday Health or pursuant to an order of the Court, provided that said person has executed a certification in accordance with Paragraph 8 below.

B. HIGHLY CONFIDENTIAL: Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record for RVOH, Klinger, and Everyday Health, no Discovery Materials designated as "HIGHLY CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited, or disclosed to persons other than:

(i) Persons described below in Paragraph 7(C)(i), 7(C)(ii), 7(C)(iii), 7(C)(iv), 7(C)(vii), and 7(C)(viii); and

(ii) With respect to persons described in Paragraph 7(C)(i) or 7(C)(iv), Protected Information designated as "HIGHLY CONFIDENTIAL" may only be shown, but not distributed to (i.e., by email or otherwise) or retained by any individuals, and counsel for RVOH and Klinger must maintain physical possession of "HIGHLY CONFIDENTIAL" documents for purposes of any disclosure to individuals under this Paragraph.

8

C.  CONFIDENTIAL: Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record for RVOH, Klinger, and Everyday Health, no Discovery Materials designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited, or disclosed to persons other than:

(i) The parties to this action, including their employees who reasonably need access to such materials, provided however, that disclosure may be made only to the extent necessary for the prosecution or defense of the North Carolina Litigation;

(ii) The Court, or any Court personnel, including any court reporter or typist recording or transcribing testimony in this action subject to the filing or disclosing party complying with the requirements set forth in Paragraph 10 of this Order;

(iii) Counsel of record for RVOH, Klinger, and Everyday Health and their paralegals, law clerks, and clerical staff who are providing active assistance with the North Carolina Litigation;

(iv) Any person identified from the four corners of the Discovery Material as having authored or previously received Discovery Material, provided, however, that disclosure may be made only to the extent necessary for the prosecution or defense of the North Carolina Litigation;

(v) Any actual or potential witness, provided that said witness has executed a certification in accordance with Paragraph 8 below;

(vi) Any person testifying at a deposition, provided that said person has executed a certification in accordance with Paragraph 8 below;

(vii) Any expert, consultant or technical advisor retained or employed by any party for the purposes of the North Carolina Litigation, provided that said experts, consultants or technical advisors have executed a certification in accordance with Paragraph 8 below; and

(viii) Other persons who may be specifically designated by consent of all attorneys of record for RVOH, Klinger, and Everyday Health or pursuant to an order of the Court, provided that any such person has executed a certification in accordance with Paragraph 8 below.

8. **Permitted Disclosure and Certification of Confidentiality**.

Disclosure of Protected Information is permitted to witnesses, consultants, and/or technical advisors when done in accordance with this Paragraph 8.

9

For purposes of this Paragraph 8, the terms "technical advisor" and "consultant" shall mean any person, including but not limited to a proposed expert witness or trial/jury consultant, with whom counsel for a party to the North Carolina Litigation may deem it necessary to consult concerning technical, financial, or other aspects of the North Carolina Litigation for the preparation or trial thereof; provided, however, that no party to the North Carolina Litigation, or person currently employed by a party to the North Carolina Litigation, or person currently employed by any competitor of a party to the North Carolina Litigation, shall so qualify hereunder. If a party to the North Carolina Litigation desires to: (a) hire a technical advisor or a consultant who is currently employed by any competitor of a party to the North Carolina Litigation; and (b) provide the technical advisor or a consultant with Protected Information that has been produced by Everyday Health, the party to the North Carolina Litigation seeking to hire the technical advisor or consultant shall first notify all other parties to the North Carolina Litigation and Everyday Health in writing. That written notification shall include the name, address, and employer of the proposed technical advisor or a consultant and shall be delivered to the parties to the North Carolina Litigation and Everyday Health via Email. If the parties to the North Carolina Litigation and Everyday Health are unable to agree within five business days after receipt of the written notice required by this paragraph whether providing Protected Information to such technical advisor or consultant is permissible, then the party opposing the disclosure of such Protected Information may, within ten business days after the expiration of the aforementioned five-business-day period, file a motion with the Court seeking a ruling that Protected Information may not be provided to the technical advisor or consultant or that Protected Information may only be provided to the technical advisor or consultant subject to certain conditions. Until a motion is filed and resolved by the Court, all Protected Information shall be handled as otherwise prescribed in this Order. Failure to file a

motion within the time prescribed by this paragraph shall constitute a waiver of the right to challenge the provision of Protected Information to a technical advisor or consultant, provided however, that all such Protected Information provided to the technical advisor or consultant shall be handled in accordance with the terms of this Order.

9.   **Depositions**.

A.   All deposition testimony taken of Everyday Health or any other designee of Everyday Health within the North Carolina Litigation shall be treated as Protected Information from the time that the deposition begins until thirty days after the transcript is delivered in draft or final form to Everyday Health unless the parties in attendance at the deposition agree on the record or in writing to a shorter time period. For purposes of depositions occurring prior to January 31, 2025, deposition testimony taken of Everyday Health or any other designee of Everyday Health shall be treated as Protected Information from the time that the deposition begins until ten days after the transcript is delivered in draft or final form to Everyday Health unless the parties in attendance at the deposition agree on the record or in writing to a shorter time period.

B.   Prior to the expiration of the time periods provided in Paragraph 9(A), Everyday Health may serve a Notice of Designation to RVOH and Klinger identifying the specific portions of the deposition transcript and any attached deposition exhibits that are designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" by giving written notice of such designation to RVOH and Klinger. After the time period provided in Paragraph 9(A) expires, only those portions of the transcript identified in a Notice of Designation will continue to be Protected Information under this Protective Order, unless otherwise ordered by the Court.

C.   Notwithstanding anything to the contrary in Paragraph 9(B), a party may disclose

11

prior deposition testimony to a witness during his or her deposition in accordance with Paragraph 7.

10. **Filing of Protected Information**.

Neither RVOH nor Klinger may file Protected Information of Everyday Health with the court in the North Carolina Litigation or this Court, except under seal. However, this Protective Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file Protected Information in connection with a motion, brief, or other submission to this Court or any other court must comply with local rules and any other relevant orders by the relevant court.

11. **Use of Protected Information at Trial or Hearing**.

A party that intends to present or that anticipates that another party may present Everyday Health's Protected Information at a hearing or trial shall bring that issue to this Court's and the other Parties' attention by motion without disclosing the Protected Information. This Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Inadvertent Failure to Designate**.

Everyday Health's inadvertent failure to designate Discovery Materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" does not, standing alone, waive the right to so designate the Discovery Materials. For the avoidance of doubt, inadvertent failure to serve a timely Notice of Designation as provided for in Paragraph 9(B) of deposition testimony as required by this Protective Order does not waive protection for deposition testimony that constitutes Everyday Health's Protected Information. If Everyday Health designates Discovery Materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" after it was initially

12

produced, RVOH and Klinger, on notification of the designation, must make a reasonable effort to assure that the Discovery Materials are treated in accordance with the provisions of this Protective Order, and Everyday Health shall provide replacement documents marked in accordance with Paragraph 4. No party shall be found to have violated this Protective Order by failing to maintain the confidentiality of Discovery Material during a time when that Discovery Material has not been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL: ATTORNEYS' EYES ONLY." If RVOH and/or Klinger identifies Everyday Health's Discovery Materials not previously marked or identified as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" that appear on their face or in light of facts known to the party to contain Protected Information of Everyday Health, the party identifying the information is under a good-faith obligation to notify Everyday Health. Such notification does not waive the identifying party's ability to subsequently challenge any assertion that the Discovery Material contains Protected Information. If Everyday Health or the Producing Party wishes to assert that the Discovery Material contains Protected Information, it shall provide such notice and replacement copies endorsed in compliance with this Protective Order.

13.    **Inadvertent Disclosure**.

If RVOH and/or Klinger learns that, by inadvertence or otherwise, it has disclosed Everyday Health's Protected Information to any person or in any circumstance not authorized under this Protective Order, that party must make reasonable efforts to (i) notify Everyday Health in writing of the unauthorized disclosures, (ii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (iii) retrieve all unauthorized copies of the Protected Information. A party that complies with the terms of this Paragraph promptly

after learning of an inadvertent disclosure of Protected Information will be deemed in compliance with the requirements of this Protective Order.

14.   **Challenges to Designations**.

Everyday Health's designation of any Discovery Materials as Protected Information is subject to challenge by any party, as follows.

   A.   Meet and Confer. A party challenging Everyday Health's designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for Everyday Health in writing. In conferring, the challenging party must explain the basis for its belief that the designation was not proper and must give Everyday Health an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. Everyday Health must respond to the challenge within 14 business days, except as provided in Subparagraph 14(b). For purposes of discovery occurring prior to January 31, 2025, Everyday Health must respond to the challenge within five business days.

   B.   Judicial Resolution. If, after satisfying the requirements of Paragraph 14(a) of this Protective Order, a party elects to challenge a designation, that party may file and serve a motion with this Court that identifies the challenged designation and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a certification of counsel that affirms that the movant has complied with the meet and confer requirements of Paragraph 14(a) of this Protective Order. Everyday Health shall bear the burden of persuasion in any such challenge proceeding, provided however, that a person in interest may seek to intervene in accordance with the Federal Rules of Civil Procedure.   Until the Court rules on the challenge, all parties shall continue to treat the Discovery Materials as Protected Information under the terms of this

14

Protective Order. Everyday Health, RVOH, and Klinger agree and consent that designation challenges related to this Protective Order requiring judicial resolution may be submitted to a United States Magistrate Judge within the United States District Court for the Southern District of New York, and further request that any challenges occurring prior to January 31, 2025 be resolved on an expedited basis.

15.     **Effect of this Protective Order**.

A.      The production of Discovery Materials by Everyday Health pursuant to this Protective Order constitutes a court-ordered disclosure within the meaning of 40 C.F.R. § 2.209(d); the Privacy Act, 5 U.S.C. § 552a(b)(11); the Health Insurance Portability and Affordability Act of 1996 (HIPAA) implementing regulations, 45 C.F.R. § 164.512(a), (c)(1)(i); and the Trade Secrets Act, 18 U.S.C. § 1905.

B.      Following the entry of this Order, except on privilege grounds not addressed by this Protective Order, Everyday Health may not withhold documents, information, or other materials from discovery in this litigation on the ground that they require protection greater than that afforded by this Protective Order, unless Everyday Health moves this Court for an order providing such special protection.

C.      Nothing in this Protective Order shall impose any restrictions on the use or disclosure of Discovery Materials properly obtained under this Protective Order, regardless of whether such Discovery Materials also are obtained through discovery in this Action.

D.      Nothing in this Protective Order or any action or agreement of a Party limits the Court's power to make orders concerning the disclosure of Discovery Materials by Everyday Health.

E.      Nothing in this Protective Order may be construed or presented as a final judicial

determination that any Protected Information is entitled to protection under Federal Rule of Civil Procedure 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

16. **Documents Requested or Demanded by Non-Parties**.

A. If RVOH and/or Klinger is served with a discovery request issued in other litigation, that seeks Discovery Materials designated as Protected Information by Everyday Health, the Party served with the request, within ten days of determining that the request seeks Protected Information, must notify Everyday Health and provide a copy of the request, inform the person issuing the discovery request of this Protective Order and provide them with copy of this Protective Order.

B. Neither RVOH nor Klinger shall produce Protected Information in response to any request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or any discovery request or other request or demand except in compliance with:

(i) This Protective Order (e.g. with the consent of Everyday Health);

(ii) A directive of this Court removing the designation as Protected Information; or

(iii) A lawful directive of another court.

C. Nothing in this order prohibits RVOH and/or Klinger from filing a motion with this Court seeking modification of this order to allow the disclosure of Protected Information belonging to Everyday Health. Any such motion must be served on the Parties in accordance with the Federal Rules of Civil Procedure and must describe in detail the proposed disclosure.

17. **Obligations on Conclusion of Litigation**.

A. Order Continues in Force. Unless otherwise agreed or ordered, this Protective Order will remain in force after dismissal or entry of final judgment in the North Carolina Litigation not subject to further appeal.

B. Obligations at Conclusion of Litigation. Within 90 days after dismissal or entry of

16

final judgment in the North Carolina Litigation not subject to further appeal and subject to the Federal Records Act, 44 U.S.C. § 3101 et seq., and other legal obligations, RVOH and Klinger shall take reasonable steps to ensure that all of Everyday Health's Protected Information is destroyed or returned to Everyday Health. Copies of Protected Information that are stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, need not be returned or destroyed so long as they are not made accessible (e.g., disaster recovery backups are not restored); if such data is made accessible, the receiving party must take reasonable steps to return or destroy the restored Protected Information or documents as provided by this subparagraph.

    C.    <u>Retention of Work Product and One Set of Filed Documents</u>. Notwithstanding the above requirements to return or destroy Protected Information, counsel for RVOH and Klinger may retain:

- (i) Attorney work product, including an index that refers or relates to designated Protected Information so long as that work product does not duplicate verbatim substantial portions of Protected Information; and

- (ii) One complete set of all documents filed with the Court including those filed under seal. To the extent additional copies are retained by counsel of record for RVOH and Klinger, notwithstanding the employment of reasonable efforts to return or destroy Protected Information, such retained copies remain protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Information.

18. **Final Disposition of Protected Information Subject to Court Order**.

Nothing in this Protective Order or any action or agreement of a Party limits the Court's power to make orders concerning the disposition of protected materials at the conclusion of the North Carolina Litigation. The ultimate disposition of protected materials is subject to a final order of the Court on the completion of litigation.

19. **Order Subject to Modification**.

17

This Protective Order is subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

This Protective Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**Date:** December 19, 2024

**CARTER LEDYARD & MILBURN LLP**

/s/ Madelyn White
Madelyn White
2 Wall Street
New York, NY 1005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232
white@clm.com
*Attorney for Everyday Health Inc.*

**FORD HARRISON LLP**

/s/ Richard Bahrenburg
Richard Bahrenburg
366 Madison Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 453-5937
rbahrenburg@fordharrison.com
*Attorney for Keenan Klinger*

**ZWILLGEN PLLC**

/s/ Jeffrey Landis
Jeffrey Landis
1900 M St. NW #250
Washington, DC 20036
Telephone: (202) 296-3585
jeff@zwillgen.com
*Attorney for RVO Health LLC*

Notwithstanding anything to the contrary herein:

1. Any papers filed under seal in this action shall be made part of the public record on or after 1/2/2050, unless the Court otherwise orders.

2. Any person may apply to the Court for access to any papers filed under seal pursuant to this order. Should such an application be made, the person or persons who designated the sealed material as Confidential shall have the burden of establishing good cause for the continuation of the sealing order unless the Court previously made an individualized determination of the existence of good cause for sealing.

Dated:

Lewis A. Kaplan
United States District Judge

1/2/25

18